CHRYSLER CREDIT CORP. *v.* COLLMER.

(No. 30494—Decided September 30, 1969.)

Hamilton County Municipal Court.

*Messrs. Steer, Strauss, White & Tobias* and *Mr. Charles H. Tobias, Jr.*, for plaintiff.
*Mr. E. Allen Parker*, for defendant.

DENNING, J. This cause is before the court on a motion for a summary judgment, filed by the defendant, based on the pleadings and evidence to wit: the petition; the answer; the reply to answer; and the exhibits, namely, the stipulation of facts agreed upon by both parties, the security agreement, the schedules in bankruptcy, and the discharge in bankruptcy, and arguments by counsel.

To arrive at a conclusion in the matter, the court feels that the chronology of filings in the Bankruptcy Court is important, to wit:

October 3, 1966—Wm. Collmer filed his petition under Chapter 13.

October 10, 1966—Emma Collmer (wife of Wm.), filed her petition under Chapter 13.

October 19, 1966—Wm. Collmer's plan was confirmed by the court.

November 9, 1966—Plan of Emma Collmer confirmed.

January 23, 1968—Emma Collmer, as buyer, and Wm. Collmer, as co-signer, bought a Chrysler auto for the sum of $3,527.64. The purchase agreement and note were assigned to plaintiff herein.

January 7, 1969—Petition filed in this Municipal Court praying for the sum of $1,069.27.

January 22, 1969—Petition by William Collmer to convert from Chapter 13 to straight bankruptcy.

February 7, 1969—Order to convert to straight bankruptcy filed.

February 7, 1969—Amended Schedules for straight bankruptcy listing plaintiff's claim of $1,069.47 as unsecured.

April 10, 1969—William Collmer discharged in bankruptcy.

Since the motion for summary judgment requires a consideration of the Bankruptcy Statutes, we set down hereafter in brief the provisions of Section 666 of the Bankruptcy Act as follows:

"1. If the statement of affairs, executory contracts and schedules as provided by Paragraph 1 of Section 624 of this act are not filed, or

"2. If a plan is not proposed at the meeting of creditors or within time the court may fix,

"3. Or if plan is withdrawn prior to acceptance,

"4. Or if the plan is not accepted at the meeting of creditors,

"5. Or if deposit under plan is not made,

"6. Or application for confirmation is not filed within time, or

"7. If confirmation of plan refused.

"8. If after confirmation, debtor defaults, or

"9. If plan terminates by reason of condition specified in plan, the court shall:

"2-A When petition has been filed under Section 622, the court can enter an order dismissing the proceeding under this chapter, or

"2-B With the consent of the debtor, adjudge him a bankrupt and direct bankruptcy be proceeded with."

None of the requirements or conditions set forth in Nos. 1 through 9 above were complained of in the stipulations filed herein; therefore, under Section 2B, the court should not adjudge debtor a bankrupt and order bankruptcy be proceeded with unless the words, "or with the consent of debtor adjudging him a bankrupt and directing bankruptcy be proceeded with," stand independently of the conditions enumerated in Nos. 1 through 9 of Section 666.

We hold that the filing of his petition of January 22, 1969, to convert to straight bankruptcy, the debtor-defendant gave his consent to convert because the prefix "or" causes the provision to stand alone disassociated from the requirements of Nos. 1 through 9 of Section 666.

Section 667 provides:

"(2) in the case of a petition filed under Section 622 of this Act, if an order has been entered adjudging the debtor a bankrupt, as provided in paragraph (2) of Section 666 of this Act, the proceeding shall thereafter be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered *on the day when the petition under this chapter was filed.*" (To wit: October 3, 1966, Chapter 13.)

Section 669, paragraph 2, provides that after confirmation of a plan and entry by the court directing that bankruptcy be proceeded with: The unsecured debts incurred after the confirmation of the plan (October 19, 1966) and before the entry directing that bankruptcy be proceeded with (February 7, 1969), share as a parity with prior unsecured debts. Paragraph 3 applies to the rights, duties, and liabilities of creditors holding debts incurred after the confirmation of the plan and before the date of filing

order directing that bankruptcy be proceeded with. * * * and for the purpose of such application, the date of bankruptcy shall be the date of the entry directing that bankruptcy be proceeded with, to wit: February 7, 1969.

In determining the motion for summary judgment, the court must decide whether Section 667 or Section 669 controls the unsecured debt created by the debtor on January 23, 1968, and is discharged under the bankruptcy proceeding filed on February 7, 1969, in the order to convert to straight bankruptcy.

We hold that the debt arose after the filing of the original petition under Chapter 13 to wit: October 3, 1966, and was not contained in the schedules filed on that date and therefore would not be discharbed in the proceedings to convert to straight bankruptcy on January 2, 1969. We hold that the "date of the entry of the order directing that bankruptcy be proceeded with" referred to in Section 669 which provides for the application of the rights of the creditors to debtor's property does not apply in this case since we are not concerned primarily with creditors' rights to the property of the debtor concerning a debt incurred after the confirmation of the plan.

Therefore, as to the first paragraph of the motion for summary judgment, the court overrules the same. As to the second paragraph which pleads in the alternative, if paragraph No. 1 is overruled, the court finds that there are no controverted facts. The dates set forth above and the amount of the debt are all uncontroverted. Therefore, the only issue for the court to decide is whether the bankrupt was relieved of this obligation or whether he was not, and the court finds that he was not relieved of this obligation and the trial should proceed on that issue alone.

*Judgment accordingly.*